DANIEL W. FESSENDEN, executor, appellant from the decree of
the JUDGE OF PROBATE.

Cumberland.    Opinion January 28, 1885.

*Executors and administrators.    Insolvent estates.    Taxes on real estate.    Practice.*

Taxes assessed upon real estate prior to its sale by an executor of an insol-
vent estate for the production of assets for the payment of debts, are
chargeable to the rents of the land accruing after the testator's decease,
rather than to the proceeds of sale received by the executor.

In an extreme case only, and not under ordinary circumstances, does the
law court interfere with the decision of questions of fact or of discretion
made by a judge at *nisi prius.*

ON EXCEPTIONS.

An appeal from the decree of the judge of probate upon the
executor's account in the estate of Daniel Brown, late of Port-
land, deceased, wherein the following items in the account were
disallowed :

"Item No. 20.   Oct. 14, 1881, paid taxes on North St. property
          for 1880 and 1881,   -   -   -   -   -   -   -   -   $113 98
"Item No. 23.   Oct. 28, 1881, paid taxes on Congress St. prop-
          erty for 1880 and 1881,   -   -   -   -   -   -   .     149 10
"Item No. 36.   Paid Mrs. Austin's bill of expenses of last sick- ·
          ness (of deceased),   -   -   -   -   -   -   -   -     206 75
          Disallowed in part, viz. : for $136.75.
"Item No. 47.   To commissions on $5272,31,   -   -   -   -     263 10
          Disallowed in part, viz. : $82.43.

The presiding justice ruled as a matter of law, after a hearing,
that the appeal was not sustained and ordered the decree of the
judge of probate affirmed.   The appellant alleged exceptions.

*Woodman and Thompson,* for the appellant.

*P. J. Larrabee,* for the appellee.

PETERS, C. J.   The appellant was devisee in trust and executor
under Daniel Brown's will.   The estate proving insolvent, certain
real estate of the testator was sold for the production of assets

to be applied to the payment of debts. The appellant presents, for allowance in his account as executor the amount of the taxes assessed upon such real estate prior to its sale. The claim was properly disallowed.

Heirs and devisees have the rents of real estate until it is sold by an administrator or executor for the payment of debts, and for that reason they should pay the taxes. The taxes are a charge upon the rents. The technicality which gives to heirs and devisees the rents of an insolvent estate is an extreme doctrine against creditors, and the severity of requiring creditors to pay the taxes while others reap the rents should not be superadded. *Kimball* v. *Sumner*, 62 Maine, 305 ; *Lucy* v. *Lucy*, 55 N. H. 9 ; *Palmer* v. *Palmer*, 13 Gray, 328 ; Schoul. Executors, § 510, note.

There may be exceptions to the rule. There may be occasions. when it would be reasonable and right for such a charge to appear in an administration account. But the appellant does not show the necessity for the charge. The burden is upon him to do so. The indications are the other way. The estates sold were rentable properties. The rents accruing after the testator's death and before the sale must have greatly exceeded the taxes. It looks as if the taxes were paid by the right person out of a wrong pocket.

Complaint is made that the court of probate unreasonably reduced the appellant's bill for fees, and cut down an account paid by him for the services of an attendant during the last sickness of the testator. Those are questions, either of fact or of discretion, that should be finally settled by a single judge, unless he sees fit to report them to the full court for its decision. In only an extreme case, but not under any ordinary circumstances, would the law court interfere with a decision of such questions, made by a judge at *nisi prius*. *Crocker* v. *Crocker*, 43 Maine, 561.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.

HASKELL, J., did not sit.